UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

    Plaintiff,                                        Case No. 15-cv-13061

v.                                                HONORABLE STEPHEN J. MURPHY, III

AARON YUNKER, et al.,

    Defendants.

_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

The matter before the Court is a pro se civil rights complaint. Plaintiff Roosevelt Lashawn Williams ("Williams") is a state prisoner at the Marquette Branch Prison in Marquette, Michigan. His complaint appears to challenge two prison disciplinary actions that were taken against him.

Pursuant to 28 U.S.C. § 1391(b), the proper venue for civil actions is the judicial district where (1) any defendant resides if all the defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, (3) in any judicial district in which any defendant is subject to the court's personal jurisdiction. Public officials sued in their official capacities "reside" in the judicial district where they maintain their official residence or perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). For the convenience of parties and witnesses and in the interest of justice, a district court may transfer a civil case to any district where it could have been brought. 28 U.S.C. §§ 1404(a) and 1406(a).

Exhibits to the complaint indicate that the events giving rise to Williams' claims occurred at Marquette Branch Prison in Marquette, Michigan. And, according to Williams, the defendants are employed by the Michigan Department of Corrections at Marquette Branch Prison. Compl. 3, ECF No. 1. The City of Marquette is located in Marquette County, which lies within the geographical confines of the Northern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). The Court therefore concludes that the Western District of Michigan is a proper venue and a more convenient forum for this action.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall transfer this case to the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a). The Court has not determined whether Williams may proceed without prepayment of the fees and costs for this lawsuit.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager